# BECKER *v.* BIRD.

PATENTS; INTERFERENCE; BURDEN OF PROOF; REDUCTION TO PRACTICE.

1. Unanimous decision by the experts of the Patent Office that one of the parties to an interference has no right to make the claims of the issue will be accepted by this court as conclusive, where there is no palpable error. (Citing *Kilbourn* v. *Hirner,* 29 App. D. C. 54, and *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612.)

2. The burden is upon the junior party to an interference to establish a date of conception prior to that of his adversary, and either reduction to practice, or diligence in reducing to practice, prior to the filing date of his adversary.

3. In an interference involving the invention of an improved roofing comprising a sheet of fibrous material impregnated and coated with a

D. C.]                              Opinion of the Court.

waterproof material of varying thickness in various fields, testimony showing that one of the parties completed a piece of roofing by hand, and nailed it upon a fence near his office, where it could be seen by the public, and where it remained for more than a year, was held insufficient to show reduction to practice.

4. Ordinarily the unanimous decisions of the Patent Office tribunals on questions of fact will be accepted by this court, and the party attacking them must make out a plain case of error.

5. Reduction to practice is shown by one of the parties to an interference who conceived the invention and filed his application prior to the conception and filing date of his adversary, where the invention is an improved roofing comprising a sheet of fibrous material impregnated and coated with a waterproof material varied in thickness in various fields, and where his evidence is to the effect that he disclosed his conception to several of his skilled employees, set them to work carrying it out; that they used two or three different kinds of paint, one of them using an asphalt base paint which amalgamated with the paint on the felt paper that was used, arranged the same in a design to imitate shingles; that the roofing so made was put upon a roof and was used for experiments, and remained there nearly a year demonstrating its lasting qualities.

No. 1002. Patents Appeals. Submitted January 12, 1916. Decided February 7, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon* and *Mr. J. S. Milans* for the appellant.

*Mr. H. F. Lyman* and *Mr. Horace A. Dodge* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference case, and Mathias B. Becker appeals from an award of priority to Charles S. Bird.

Bird was the first to file his application, August 21, 1911;

Becker filed February 1, 1912, and secured a patent on April 30, 1912.

The invention is defined in the declaration of interference in the following issue:

"Prepared roofing comprising a sheet of fibrous material impregnated and coated with a waterproof material, said coating being varied in thickness in various fields, a coating of granular grit partially embedded in said coating in the fields of least thickness, and a similar coating completely embedded in the fields of greater thickness."

Becker filed a motion to dissolve the interference on the ground that Bird had no right to make the claim.

This question was decided against him by the Primary Examiner and the successive tribunals of the Board, concluding with the decision of the Commissioner.

The reasoning in their decisions is satisfactory to us, and we content ourselves with merely referring to them.

Such a unanimous decision by the experts of the Patent Office will be accepted as conclusive when there is no palpable error. We find none such. *Kilbourn* v. *Hirner*, 29 App. D. C. 54–57; *Lindmark* v. *Hodgkinson*, 31 App. D. C. 612.

Becker, being the junior party, had to establish a date of conception prior to Bird's, and either reduction to practice, or diligence thereabout, prior to Bird's filing date. He claimed conception in July, 1907, but that claim is uncorroborated. He testified that in May, 1911, he completed a piece of roofing by hand, and nailed it upon the fence near his office, where it could be seen by the public, and where he claimed that it remained for more than a year.

All of the tribunals of the Patent Office discussed the evidence of this reduction to practice, and were unanimous in holding that it was insufficient, and held that Becker must be restricted to his filing date for both conception and reduction to practice.

Customarily the unanimous decisions of the Patent Office tribunals on a question of fact will be accepted by this court,

and the party attacking the same must make a plain case of error.

Becker has attacked the decision on this point, and claims that it is contrary to the evidence. We need not, however, consider that question, but will turn to Bird's evidence.

This evidence establishes Bird's conception of the invention of the issue June 15, 1909. He then disclosed his conception to several of his skilled employees, and set them to work in carrying it out. Two or three different kinds of paints were used by these, but one of them, using an asphalt base paint which amalgamated with the paint on the felt paper that was used, arranged the same in a design to imitate shingles. This was about July 3, 1909.

This was put upon a roof which was used for experiments and remained there nearly a year, demonstrating its lasting qualities.

As his proof of conception was earlier than Becker's, and this was a substantial reduction to practice, coupled with the fact that he had filed his application prior to Becker's, we think the Commissioner was right in declaring priority in his favor.

This decision is affirmed, and the clerk will certify this decision to the Commissioner of Patents. *Affirmed.*